SOUTHARD *v.* CURLEY *et al.*

(*Supreme Court, General Term, Second Department.*   December 10, 1890.)

REVIEW ON APPEAL—CONFLICTING EVIDENCE.
   In an action for breach of an agreement in writing for the purchase of a house
   by defendants, they set up that they agreed only for an option to purchase, and
   made no absolute agreement to purchase, and that the writing, by mistake, did not
   express the agreement made   Upon contradictory evidence on this issue, the jury
   found for defendants.   *Held*, that their finding could not be reviewed on appeal;
   defendants not having sought to reform the written contract, but having denied
   that they made it.

Appeal from circuit court, Queens county.
Action by Charles H. Southard against John J. Curley and Jeremiah M.
Brosnan.   From a judgment for plaintiff entered on the verdict of a jury,
and from an order denying a motion for a new trial, plaintiff appeals.
Argued before DYKMAN and PRATT, JJ.
*Horace Secor, Jr.*, for appellant.   *Morgan & Worthington*, (*Charles N.
Morgan*, of counsel,) for respondent Curley.   *Kohn & Ruck*, (*August Kohn*,
of counsel,) for respondent Brosnan.

DYKMAN, J.   In his complaint in this action, the plaintiff stated that he
was the owner of the Mammoth Hotel at Rockaway Beach, and that after he
had torn down and removed a part of the building the defendants in this ac-
tion entered into a written agreement with him to purchase the portion of
the building which remained standing, with certain appurtenances, for the
sum of $31,000, to be paid in 30 days, and paid $100 on account of the pur-
chase money; that the defendants have failed to consummate their agreement,

to his damage of $9,000, which he claimed to recover in this action. For a defense to the action, the defendants set up that they agreed for an option to purchase the building, and made no absolute agreement to purchase the same, but that the plaintiff agreed to give them the option to purchase the building in 30 days, and that the writing did not express the agreement made by the parties. The parties went to trial upon that issue at the circuit, and the jury rendered a verdict for the defendants, and the plaintiff has appealed from the judgment entered upon the verdict, and from the order denying a motion for a new trial upon the minutes of the court. Upon the trial the plaintiff introduced the written agreement and some letters between the parties, and then the defendants were examined as witnesses in their own behalf, and stated the agreement according to their answer, which the plaintiff denied. Such contradictory evidence was submitted to the jury in a faultless charge, and the jury found for the defendants. Evidently an appellate tribunal finds no room for interference in this case. The defendants did not seek to reform the written contract, but said they did not make it. They were willing to abide by the agreement which they said they made, and which the jury must have found they made; but they said there was a mistake in reducing the agreement to writing. It was not necessary therefore to reform the writing. If the jury found that the writing expressed the agreement, the verdict must have been given to the plaintiff, but when the jury found that the parties did not make such an agreement, the defendants were entitled to the verdict. The judgment and order denying the motion for a new trial should therefore be affirmed, with costs.